1  **HARRIS & ASSOC. P.C.**
   220 Spring Creek Rd.
2  Roswell, GA  30075
   678-733-1408
3  richard.j.harris@azbar.org
   Richard J. Harris – #013859
4

5  **Law Offices of**
   **Charles Anthony Shaw, PLLC**
6  140 North Granite Street
   Prescott, AZ  86301
7  (928) 778-0801
   tonyshaw@cableone.net
8  Charles Anthony Shaw – #003624

   Attorneys for Plaintiff-Relator
9

FILED ___ LODGED
RECEIVED ___ COPY
NUV 3 0 2012
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

**SEALED**

10              **IN THE UNITED STATES DISTRICT COURT**

11              **FOR THE DISTRICT OF ARIZONA**

12

13  United States *ex rel.*                    CV 10-8070-PHX-PGR
    Joyce Newell,
14                                             **FIRST AMENDED**
                      Plaintiff-Relator,       **COMPLAINT - *QUI TAM***
15
    v.                                         **Filed *in Camera***
16                                             **And under Seal**
    Life Line Ambulance Service, Inc.,
17                                             **Jury Trial Requested**
                      Defendant.
18

19        Plaintiff-Relator Joyce Newell for her complaint alleges as follows:

20  1.    This is an action by *qui tam* Relator Joyce Newell (hereinafter "Relator" or

21        "Newell"), on behalf of herself and the United States Government, to recover

22        penalties and damages resulting from violations of the False Claims Act by

23        Defendant Life Line Ambulance Service, Inc. an Arizona Corporation.

24                      **JURISDICTION AND VENUE**

25  2.    This action arises under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the

26        "FCA").

76449-0001/LEGAL24793111.2

3.  This Court has subject matter jurisdiction over this matter pursuant to 31 U.S.C. § 3732(a); 28 U.S.C. §§ 1345 and 1367(a).

4.  This Court has personal jurisdiction over the Defendant.

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(b), and 1391(c), and under 31 U.S.C. § 3732(a) which provides that "[a]ny action under section 3730 may be brought in any judicial district in which the defendant, or in the case of multiple defendants, any one defendant can be found, resides, transacts business or in which any act proscribed by section 3729 occurred." The Defendant can be found, resides, and transacts business within the district, and the acts proscribed by the FCA occurred within the district.

6.  Relator is entitled to and demands trial by Jury.

## PARTIES

7.  Relator is a resident of Arizona and a United States citizen.

8.  Relator was employed by Defendant Life Line  During this period of employment, Relator gained first-hand, direct knowledge of the allegations of this Complaint and is the original source of such information.  Relator voluntarily has disclosed this information to the Federal Government.

9.  Defendant Life Line is an Arizona Corporation with its principal place of business at Prescott, Arizona.  Life Line provides ambulance services in the areas around Prescott, Wickenburg, Williams and Bagdad Arizona.  The allegations of this complaint arise from conduct in Prescott, Arizona.

## GOVERNING REGULATIONS AND BACKGROUND

10. Title XVIII of the Social Security Act, 42 U.S.C. § 1395, *et seq.*, establishes the Health Insurance for the Aged and Disabled Program, popularly known as the Medicare program.  The Secretary of the United States Department of Health and

1    Human Services ("HHS") administers the Medicare Program through the Centers

2    for Medicare and Medicaid Services ("CMS"), a component of HHS.

3    11.   The Medicare program consists of several parts.  Medicare Part A provides basic

4          insurance for the costs of hospitalization and post hospitalization care.  42 U.S.C.

5          § 1395c 1395i 2 (1992).  Medicare Part B is a federally subsidized, voluntary

6          insurance program that covers certain non-hospital medical services and products.

7          42 U.S.C. § 1395(k), 1395(I), 1395(s).

8    12.   Defendant Life Line is Medicare certified and receives payments from Medicare.

9          Under Medicare, CMS pays Medicare certified providers and suppliers for certain

10         services.

11   13.   To qualify for CMS payments under Medicare, Defendant Life Line must go

12         through a certification process with CMS.  CMS requires Defendant Life Line to

13         go through an application process; to certify compliance with the law and to meet

14         certain reporting requirements.

15   14.   Medicare payments to Defendant Life Line are made by the United States

16         government through CMS, under the HHS.

17   15.   In order to receive Medicare funds, enrolled providers, including Defendant Life

18         Line, together with the provider's authorized agents, employees, and contractors

19         are required to abide by all the provisions of the Social Security Act, the

20         regulations promulgated under the Act, and all applicable policies and procedures

21         issued by the states.

22   16.   At all times relevant to this Complaint, Defendant Life Line was a participating

23         Medicare supplier.

24   17.   All of the conduct alleged in this Complaint is alleged to have occurred

25         "knowingly" or with reckless disregard, as those terms are defined in the False

26         Claims Act, 31 U.S.C. § 3729.

18.   CMS pays Medicare suppliers including Defendant Life Line based upon the supplier's reports describing the services supplied.  Specifically Medicare supplier must report to CMS (and describe by uniform code) the nature of the service for which the supplier seeks payment from Medicare.

19.   CMS relies on the reports submitted by suppliers like Defendant Life Line in making payments to such suppliers.

20.   Under federal regulations, any overpayment by CMS to a certified supplier, must be refunded to CMS by such supplier.

## FACTUAL ALLEGATIONS

21.   The allegations of the preceding paragraphs are incorporated herein by reference.

22.   The violations of the Federal False Claims Act described herein involved claims for reimbursement and payment submitted to Medicare, which Defendant knew were false, exaggerated and/or ineligible.  Defendant also violated the Federal False Claims Act by knowingly failing to report claims which it knew were false, exaggerated, and/or ineligible, and for concealment of such claims in order to keep funds to which it was not entitled under the  False Claims Act.

23.   Specifically, from no later than January 2006 to at least June 2009, Life Line coded certain hospital to hospital call (i.e. transporting patients from one hospital to another) as an emergency. Moreover, Life Line had a practice of billing certain calls for Medicare covered patients to Medicare whether or not the call was for medically necessary services.

## COUNT I – VIOLATION OF THE FCA

24.   The conduct described above violated the False Claims Act in that Defendant knowingly presented or caused to be presented to CMS false claims for payment or approval.

## COUNT II – VIOLATION OF THE FCA

25.   The conduct described above violated the False Claims Act in that Defendant knowingly made, used or caused to be used false records or statements, including underlying documentation supporting CMS claims forms and certifications to CMS that were material to a false claim;

## COUNT III – VIOLATION OF THE FCA:  31 USC § 3729(a)(1)(D)

26.   The conduct described above violated the False Claims Act in that Defendant, by virtue of having illegally overbilled and collected money from CMS, has had possession, custody, or control of money used, or to be used, by the Government and has knowingly delivered less than all of that money.

## COUNT IV – VIOLATION OF THE FCA:  31 USC § 3729(a)(1)(G)

27.   The conduct described above violated the False Claims Act in that Defendant knowingly concealed and/or improperly avoided or decreased an obligation to pay or transmit money or property to the Government.

WHEREFORE, Relator on behalf of herself and the United States prays for judgment against Life Line for:

A.   Three times the amount of damages which the Government sustained because of the Defendant's violations of the False Claims A ct.

B.   For penalties for each False Claim Act violation in the amount of $11,000 per violation.

C.   For the costs of litigation including reasonable attorney's fees as provided under the False Claims Act.

D.   For such other and further relief as the Court deems just and proper.

## COUNT V – RETALIATION UNDER THE FCA

28. As shown above, Relator reported the illegality of the conduct to Defendant Life Line and was retaliated against for doing so in violation of the anti-retaliation provisions of the FCA 31 U.S.C. § 3730(h).

29. Specifically, Defendant Life Line removed Relator's responsibilities in early August 2009 and ultimately eliminated her position in December 2009.

30. As a direct and proximate result of the wrongful termination of her employment, Relator has been damaged economically, and generally in an amount that will be proven at trial, including damages of general emotional distress, embarrassment, loss of wages.

31. Pursuant to this statute, Relator is entitled to be reinstated at the same level of seniority she would have enjoyed absent Defendant's illegal acts; an award of two times the amount of back pay (including bonus, benefits, other compensation) plus interest; compensation for special damages; and litigation costs and reasonable attorneys' fees.

WHEREFORE, Relator Joyce Newell prays for judgment against Life Line for:

A.   All damages and any other compensatory amounts necessary to make Relator whole from Defendant's retaliation pursuant to 31 U.S.C. § 3730(h);

B.   Defendant be ordered to reinstate Relator with the level of seniority she would have enjoyed but for the retaliation; and

C.   Defendant be assessed an additional sum for all expenses of litigation incurred in this action, including reasonable attorney's fees;

D.   Any and all other relief as the Court deems just and proper.

## COUNT VI – WRONGFUL DISCHARGE A.R.S. § 12-1501

32. As described above, Relator reasonably disclosed to Defendant her information and reasonable belief that Defendant had violated and/or were breaking laws against fraud (including both state and federal laws).

33. Immediately thereafter, Defendant Life Line engaged in retaliatory conduct including removing her job functions, precluding her from conducting audits to reveal the scope of Life Line's fraud, and ultimately eliminating her position.

34. At all relevant times, Relator was an employee under A.R.S. § 23-1501.

35. At all relevant times, Defendant Life Line was Relator's employer under A.R.S. § 23-1501.

36. Defendant Life Line violated A.R.S. § 23-1501(3) by terminating Relator's employment in retaliation for (1) Relator's reasonable disclosure to Defendant of her information and/or reasonable belief that her employer, or an employee of the employer, has violated, is violating or will violate Arizona's Constitution or statutes; and/or (2) Relator's refusal to violate Arizona's Constitution or statutes.

37. As a direct result of Defendant's conduct described above, Relator has suffered mental anguish and distress, lost income in the form of past, present and future wages and benefits, and other monetary and non-monetary benefits due her.

38. As a direct result of Defendant Life Line's conduct described above, Relator seeks recovery of damages in an amount to be proven at trial including damages for economic loss and compensatory damages for pain and suffering, emotional distress, harm to reputation and other losses.

39. Defendant's conduct described above was wanton, reckless and/or shows spite or ill will and therefore justifies an award of punitive damages against Defendant Life Line.

WHEREFORE, Relator Joyce Newell prays for judgment against Life Line for:

A.     An award of economic damages in an amount sufficient to make her whole for the loss of income and benefits resulting from Defendant Life Line's conduct;

B.     An award of compensatory damages for pain and suffering, emotional distress, harm to reputation and other losses incurred by Relator as a result of Defendant Life Line's conduct;

C.     An award of punitive damages;

D.     An additional sum for all expenses of litigation incurred in this action including reasonable attorneys' fees;

E.     An award of prejudgment and post-judgment interest;

F.     An award of Relator's costs of suit incurred herein; and,

G.     An award of such other relief as the Court may deem just and proper.

SUBMITTED November 29, 2012

RICHARD J. HARRIS & ASSOC., P.C.

By: _____
Richard J. Harris

Charles Anthony Shaw, PLLC

By: _____
Charles Anthony Shaw

*Signed as an accommodation to Mr. Harris and Mr. Shaw as they are out of town.*